# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHADRICK CARTER (#335896)**                               **CIVIL ACTION**

**VERSUS**

**JASON KENT, ET AL.**                                      **NO. 18-656-JWD-RLB**

## ORDER

Before the Court is the petitioner's Motion to Stay Proceedings and Hold in Abeyance (R. Doc. 3). According to the Petition (R. Doc. 1), the petitioner was convicted of second degree murder in 2009. Review was sought in the appellate courts, and the Louisiana Supreme Court denied the petitioner's writ application on July 31, 2013. On October 29, 2014, the petitioner filed his first application for post-conviction relief which was denied. The petitioner's writ application is currently pending before the Louisiana Supreme Court. The petitioner asserts that he will only have one day to file his federal petition upon conclusion of his state post-conviction proceedings; therefore, the only means to secure his right to federal review of his conviction and sentence is if this Court issues an order holding his federal habeas corpus petition in abeyance until such time.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a

habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement.  *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions.  The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court.  *Id.*  However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review.  *Id.* at 276–78.  Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id.*

However*,* a stay is not appropriate where, as here, the petitioner has failed to exhaust *any* of his claims.  *See, e.g. Tappin v. United States Dist. Ct.,* No. 1-05-CV-00190-TAG, 2008 WL 686555 at *8 (E.D. Cal. Mar.11, 2008) (holding that federal court must dismiss a completely unexhausted habeas petition); *Dollar v. Rogers,* No. 05-5594 (RBK), 2007 WL 2990663 at *11 (D. N.J. Oct. 9, 2007) (holding that *Rhines* is not directly applicable where federal writ is not a "mixed petition" and none of petitioner's claims are properly exhausted); *Baldonado v. Elliott,* No. CV-05-3136-PHX-SMM, 2006 WL 1698138 at *7 (D. Ariz. June 15, 2006) (stay not appropriate because petitioner did not exhaust any claims and "there are no claims for the Court to hold in abeyance").

Furthermore, even if the petition was a "mixed" petition, presenting both exhausted and unexhausted claims, the petitioner's has not cited any reason which would constitute good cause for his failure to exhaust state court remedies. Accordingly,

**IT IS ORDERED** that the petitioner's Motion to Stay Proceedings and Hold in Abeyance (R. Doc. 3) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 19, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**