# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHADRICK CARTER (#303379)**          **CIVIL ACTION**

**VERSUS**          **NO. 18-656-JWD-SDJ**

**JASON KENT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 7, 2021.

                                             **SCOTT D. JOHNSON**
                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHADRICK CARTER (#303379)                                    CIVIL ACTION

VERSUS                                                               NO. 18-656-JWD-SDJ

JASON KENT, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 18, 19. There is no need for oral argument or for an evidentiary hearing.

On June 20, 2018, the *pro se* petitioner, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2009 criminal conviction and sentence entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for criminal damage to property. The petitioner asserts that he was provided with ineffective assistance of counsel because his counsel failed to adequately investigate his case, failed to challenge the state's expert witness, and failed to adequately challenge the habitual offender bill.

### Procedural History

On August 6, 2009, after a trial by jury, the petitioner was found guilty of criminal damage to property and was sentenced to two years at hard labor. The State subsequently filed a habitual offender bill, and, after a hearing, the petitioner was sentenced to 30 years at hard labor without the benefit of probation, parole, or suspension of sentence. The petitioner pursued a

2

direct appeal at the First Circuit Court of Appeal ("First Circuit").  On September 10, 2010, the First Circuit affirmed the conviction and habitual offender adjudication but vacated the sentence.  The First Circuit remanded to the trial court for resentencing, as neither the statute under which the petitioner was convicted, nor the habitual offender statute, prohibited probation, parole, or suspension of sentence.  After remand, the trial court resentenced the petitioner to 30 years at hard labor.[1]  The petitioner filed a writ application with the Louisiana Supreme Court, challenging the First Circuit's ruling affirming his conviction and habitual offender adjudication, which was denied on July 31, 2013.

On October 29, 2013, the petitioner filed a counseled application for post-conviction relief at the trial court.  The Commissioner issued a recommendation denying petitioner's application, which was adopted by the trial court on April 3, 2017.  Upon notice given by the petitioner, the trial court subsequently set the return date for a writ application to the First Circuit as June 12, 2017.  The petitioner filed a writ application with the First Circuit. However, the First Circuit rejected his application on August 21, 2017, because the application failed to comply with Rule 4-3, Uniform Rules-Louisiana Courts of Appeal.  Per instructions by the First Circuit, the petitioner resubmitted his writ application on August 22, 2017.  The First Circuit denied the application on October 16, 2017.

The petitioner sought further review with the Louisiana Supreme Court.  While his writ application was pending, and before the Louisiana Supreme Court issued a ruling, the petitioner filed his original petition for habeas corpus on June 20, 2018.  Realizing that his claims were unexhausted, the petitioner also filed a Motion to Stay Proceedings and Hold in Abeyance on

---

[1] Resentencing took place on April 18, 2011.  There are no pleadings in the trial court record indicating that the petitioner pursued a direct appeal of the resentencing.

June 20, 2018 (R. Doc. 3), which was denied on July 19, 2018 (R. Doc. 7). The Louisiana Supreme Court issued a ruling on September 14, 2018, denying the petitioner's writ application and ending his collateral review. The petitioner submitted an amended petition for habeas relief to this Court on November 14, 2018,[2] asserting the same grounds for relief as the original petition.

## Applicable Law and Analysis

As set forth below, this Court concludes, as asserted by the State of Louisiana, that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly-filed, post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544

---

[2] The amended petition is dated October 11, 2018. The petitioner attached two envelopes to the amended petition. The first, dated October 12, 2018, is stamped by the post office as undeliverable. The second envelope is dated November 14, 2018. The Court's docket sheet shows receipt of the amended petition on November 16, 2018. As it appears that petitioner successfully mailed the amended petition on November 14, 2018, the Court will accept this date as the date of the amended petition. Regardless of which date is accepted, both the original and amended petitions are untimely.

U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration.  *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the Louisiana Supreme Court denied the petitioner's writ application on direct review on July 31, 2013.  The judgment became final on October 29, 2013, upon the passage of the time allowed for him to pursue a writ of certiorari with the United States Supreme Court (90 days).  Thereafter, approximately 370 untolled days elapsed before the petitioner filed his PCR application on November 3, 2014.[3]  At this point in time, more than a year had passed during which the petitioner did not have any properly pending post-conviction or collateral review proceedings before the state courts, rendering any federal habeas petitions filed by the petitioner untimely.

After the trial court denied the petitioner's PCR application on April 3, 2017, the petitioner filed a writ application with the First Circuit.  The First Circuit rejected the application but implicitly extended the return date to August 22, 2017.[4]  Through counsel, the petitioner refiled his writ application on August 22, 2017. The statute of limitations remained tolled until the Louisiana Supreme Court ultimately denied his writ application on September 14, 2018.[5]

---

[3] R. Doc. 12-3, p. 94.  November 3, 3014, is the date the application for post-conviction relief was file-stamped by the 19th Judicial District Court's Clerk of Court.  As the petitioner was represented by counsel, the prison mailbox rule does not apply.  *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002).
[4] R. Doc. 12-5, p.167.  *See Leonard v. Deville*, ---F.3d---(5th Cir. 2020).
[5] *State v. Carter*, 2017-1866 (La. 9/14/18), 252 So.3d 485. s

5

When the petitioner filed his original petition for habeas relief on June 20, 2018, his claims were unexhausted (See R. Doc. 7). The petitioner's claims became exhausted when the Louisiana Supreme Court issued its writ denial on September 14, 2018. When the petitioner filed his original petition, it did not toll the statute of limitations. *Duncan v. Walker,* 533 U.S. 167, 181–182 (2001). Another 63 days of untolled time elapsed between the Louisiana Supreme Court's writ denial on September 14, 2018, and November 14, 2018, the date Petitioner filed the amended petition. This results in a total of 433 days when the petitioner did not have any properly-filed application for state post-conviction or other collateral review pending before the state courts.

Accordingly, more than a year elapsed during which the petitioner did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, and both petitioner's applications are untimely.

Having found the petitioner's applications to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish either that he is entitled to statutory tolling of the limitations period under § 2244(d)(1)(B)—because there was a state-created impediment to timely filing—or that he is entitled to equitable tolling. To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), the petitioner must show that he was prevented from filing a petition by a state-created impediment in violation of the Constitution or federal law. *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003). The petitioner has made no such showing in this case. Accordingly, there is no suggestion in the record that the petitioner is entitled to statutory tolling.

Nor is there any basis in the record for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 F. App'x. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D. Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

7

The petitioner has not asked for equitable tolling. The record reflects that the petitioner did not diligently pursue his rights, nor was he prevented from doing so in some extraordinary manner. Accordingly, the petitioner's application should be denied as untimely.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on September 7, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**